IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRICEL VEGA,** <br>     **Plaintiff,** <br><br> v. <br><br> **PROGRESSIVE SPECIALTY INSURANCE COMPANY, trading as "PROGRESSIVE,"** <br>     **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO. 17-598** |

**O R D E R**

   **AND NOW**, this 28th day of March, 2017, upon consideration of defendant Progressive Specialty Insurance Company's Motion to Dismiss (Doc. No. 3, filed February 16, 2017) and plaintiff's Reply [sic] to Defendant's Motion to Dismiss (Doc. No.6, filed March 1, 2017) ("Resp."), **IT IS ORDERED** that Progressive Specialty Insurance Company's Motion to Dismiss is **GRANTED** and plaintiff's claims against Progressive Specialty Insurance Company are **DISMISSED WITH PREJUDICE**.

   The decision of the Court is based on the following:

   1.  The pertinent facts as set forth in plaintiff's Complaint are summarized as follows. On September 7, 2014, Gricel Vega, a Pennsylvania resident, was traveling through South Carolina as a passenger in her own vehicle. Compl. ¶ 10. The driver of the vehicle was Feliciano Rodriguez. *Id*. Mr. Rodriguez "lost control of the vehicle, causing the vehicle to flip and crash," resulting in "serious and permanent injuries" to plaintiff and the death of plaintiff's unborn baby. *Id*. ¶¶ 15–17.

   Plaintiff's vehicle was insured by Geico General Insurance Company ("Geico"); plaintiff recovered $25,000 from Geico "on behalf of the Estate of Feliciano Rodriguez." *Id*. ¶¶ 11, 22. Mr. Rodriguez owned a vehicle that was insured by Allstate Property and Casualty Insurance

Company ("Allstate"); plaintiff also recovered $25,000 from Allstate "on behalf of the Estate of Feliciano Rodriguez." *Id*. ¶¶ 12, 24. Both sums represent "the entire amount of coverage available" under the respective policies. *Id*. ¶¶ 22, 24.

Plaintiff's mother, Ramona Vega, owns a car that is insured by Progressive Specialty Insurance Company ("Progressive") ("the Policy"). *Id*. ¶ 4–5. Plaintiff alleges that she is covered by the Policy, and that the Policy's underinsured motorist coverage ("UIM") provision was triggered by the accident. *Id*. ¶¶ 5, 8. According to plaintiff, Progressive breached the Policy by failing to make a required payment of $25,000 (Count One). *Id*. ¶¶ 29–30. Plaintiff further claims that Progressive's breach was in bad faith, for which she seeks compensatory and punitive damages under 42 Pa. C.S.A. § 8371 (Count Two). *Id*. ¶ 44.

2. Presently before the Court is Progressive's Motion to Dismiss Plaintiff's Complaint. Progressive argues that (1) the Policy explicitly excludes UIM coverage under the particular facts of this case, and (2) the Complaint does not allege bad faith.

3. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

4. The Court concludes that the Complaint does not state a claim for relief because the Policy clearly excludes UIM coverage under the facts of this case. Although the Policy is not attached to the Complaint, and was presented to the Court as an attachment to Progressive's

Motion, plaintiff's breach claim is based upon the policy, and she relies on it in her Response. Mot., Ex. B, Pennsylvania Auto Policy ("Policy"); Resp. at 10–11 (quoting relevant portions of the policy). Moreover, its authenticity is not in dispute. Therefore, the Court may properly consider the terms of the Policy. *Mayer*, 605 F.3d at 230.

Progressive does not contest plaintiff's status as an "insured person" under the Policy. Rather, Progressive argues that plaintiff's claim is barred by the "family car exclusion." Mot. at 6. That exclusion provides that coverage "will not apply . . . to bodily injury sustained by any person while . . . occupying . . . a motor vehicle that is owned by or available for the regular use of [the policyholder], a relative, or a rated resident." Mot. at 6; Resp. at 10–11; Policy at 13. The exclusion "does not apply to a covered auto that is insured under [the Policy]." *Id*. In short, the exclusion, on its face, bars plaintiff's recovery, because her bodily injury was sustained while plaintiff was occupying a motor vehicle owned by plaintiff, plaintiff is a relative of the policyholder, and the vehicle was not insured under the policy.

Plaintiff presents four arguments in opposition to Progressive's Motion. First, plaintiff argues that the exclusion is "inapplicable to the facts" of this case. Resp. at 12. The Court rejects this argument—as discussed *supra*, the family car exclusion plainly bars plaintiff's recovery. Second, plaintiff argues that the exclusion is "in conflict with Pennsylvania law," which requires that an insured person must affirmatively sign a waiver to reject UIM coverage. *Id*. (citing 75 Pa. C.S.A. § 1731). Plaintiff claims that the exclusion constitutes an involuntary waiver of UIM coverage. Resp. at 12–13. The Court rejects this argument as well. The only reason plaintiff has a colorable claim against Progressive is that she qualifies as a covered person under the Policy's UIM coverage. Third, plaintiff contends that the language of the family car exclusion is ambiguous. Resp. at 13–14. "[I]f the policy provision is reasonably susceptible to more than one

interpretation, it is ambiguous." *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999). But plaintiff does articulate any alternative interpretation of the family car exclusion. *See* Resp. at 14. The Court sees no ambiguity in the exclusion, and rejects this argument.

Finally, plaintiff argues that even if the family car exclusion is unambiguous, it is invalid as contrary to public policy. "Generally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy." *Alderson v. Nationwide Mut. Ins. Co.*, 884 A.2d 288, 289 (Pa. Super. Ct. 2005). Although Pennsylvania Courts have held that family car exclusion is not necessarily contrary to public policy, "the enforceability of the exclusion is dependent upon the factual circumstances presented in each case." *Paylor v. Hartford Ins. Co.*, 640 A.2d 1234, 1240 (Pa. 1994). Plaintiff notes that

> [t]he purpose of underinsured motorist coverage is to protect the insured (and [her] additional insureds) from the risk that a negligent driver of another vehicle will cause injury to the insured (or [her] additional insureds) and will have inadequate liability coverage to compensate for the injuries caused by his negligence.

*Wolgemuth v. Harleysville Mut. Ins. Co.*, 535 A.2d 1145, 1149 (Pa. Super. Ct. 1988). Mr. Rodriguez had inadequate liability coverage, and plaintiff argues that her situation is what UIM coverage is intended to protect against. Resp. at 15–17.

The Court rejects this argument. The United States Court of Appeals for the Third Circuit certified a very similar legal question to the Pennsylvania Supreme Court. *Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 754 (Pa. 2002). In *Colbert*, the plaintiff was injured in a two-vehicle accident while driving his own vehicle. *Id*. at 749. The plaintiff resided with his parents, who had purchased a separate insurance policy for their own automobiles. *Id*. The plaintiff settled against the tortfeasor driver, and also recovered under the UIM provision of his

own policy. *Id*. He then sought to recover under the UIM provision of his parents' policy, which included a household car exclusion that was substantively identical to the one at issue in this case. *Id*.[1] The Pennsylvania Supreme Court held that the household exclusion was not contrary to Pennsylvania public policy, reasoning that "voiding the 'other household vehicle' exclusion would empower insureds to collect UIM benefits multiplied by the number of insurance policies on which they could qualify as an insured, even though they only paid for UIM coverage on one policy." *Id*. at 754 (emphasis omitted).

Like the plaintiff in *Colbert*, plaintiff has recovered under both her own insurance policy and the insurance policy of the tortfeasor. And like in *Colbert*, plaintiff now seeks to recover under her parent's insurance policy, under which she qualifies as an insured. The Court concludes that plaintiff's situation, sympathetic as it may be, is governed by *Colbert*, and that she is not entitled to relief.

All of plaintiff's arguments in opposition to Progressive's Motion to Dismiss as to the breach of contract claim are rejected. The Court therefore grants Progressive's Motion as to the breach of contract claim asserted in Count One.

5.   Plaintiff concedes that if the family car exclusion bars plaintiff's recovery, the bad faith claim asserted in Count Two cannot survive. Resp. at 19 (citing *Davis v. Allstate Prop. & Cas. Co.*, No. 13-CV-07038, 2014 WL 4857434, at *9 (E.D. Pa. Sept. 30, 2014) ("[A] bad faith claim merges with the underlying breach of contract action. Therefore, because plaintiff's contractual claim in Count I fails, the supplemental breach of good faith and fair dealing fails as

---

[1] The exclusion read as follows: "We will not pay for bodily injury to anyone occupying or struck by a motor vehicle owned or leased by you or a household resident which is not covered under this policy." *Colbert*, 813 A.2d at 751.

well.") (internal citation omitted)). The Court therefore grants the Motion with respect to the bad faith claim as well.

> **BY THE COURT:**
>
> **/s/ Hon. Jan E. DuBois**
>
> _____
>
> **DuBOIS, JAN E., J.**